ALPER *v.* OAKMAN.

1. VENDOR AND PURCHASER—FORFEITURE—NOTICE.

If preliminary and final notices of forfeiture, sent to vendee's assignee to last-known postoffice address, as provided for in land contracts, and assented to by him, had reached him, his interest in said contracts would have been terminated thereby.

2. SAME—CONSTRUCTION OF PROVISION FOR NOTICE OF FORFEITURE.

Provision in land contracts for notice of forfeiture to be sent to vendee to his last-known postoffice address inured to benefit of both parties, is reasonable, and should be construed as it reads.

3. SAME—NOTICE OF CHANGE OF ADDRESS.

Where vendee's assignee moved without notifying vendor's agent of change of address, assignee's application to abstract division of trust company acting as vendor's agent, giving his correct postoffice address, may not be considered notice of change of address provided for in land contracts,

4. SAME—ABANDONMENT—PRESUMPTION.

Where notices of forfeiture mailed to vendee's assignee to last-known postoffice address were not delivered, vendor's agent had right to assume that assignee had moved away and abandoned his rights under land contracts.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted October 18, 1932. (Docket No. 129, Calendar No. 36,595.) Decided December 6, 1932.

Bill by Henry S. Alper against Robert Oakman and another to set aside judgments of restitution and for damages. Bill dismissed. Plaintiff appeals. Affirmed.

*Leo A. Coskey* (*John Sklar*, of counsel), for plaintiff.

*Austin & Newman*, for defendants.

SHARPE, J. On April 28, 1923, defendants entered into separate contracts to sell to Clarence C. Taylor two lots in the city of Detroit for the sum of $1,925 each. One hundred and ninety-two dollars was made as a down payment on each lot, and the balance was to be paid in monthly sums of $17, with interest payable quarterly on all sums unpaid at 6 per cent. Each contract contained the usual provisions for forfeiture and that "notice of such declaration shall be sufficient if mailed to the last known postoffice address" of the vendee.

On February 6, 1924, Taylor assigned his interest in the contracts to the Cardinal-Taylor Corporation, and on June 21st of that year the corporation assigned its interest to the plaintiff, who, in writing, accepted the assignment and the conditions of the

contracts and directed that notice be addressed to him "at 1935 Burlingame." The Union Trust Company, the duly authorized agent of the defendants, consented to both assignments. The address at 1935 Burlingame was changed by notice of the plaintiff to 2014 West Euclid.

In 1926 plaintiff moved to 3273 Kendall avenue, but did not notify the trust company of his change of address. There was default in payment on both contracts. On March 1, 1928, the trust company, as agent for defendants, sent a "warning of cancellation" to plaintiff by registered mail at 2014 West Euclid, and it was returned marked "Unclaimed," and on March 21, 1928, a "notice of forfeiture" was sent to him at the same address by registered mail and likewise returned marked "Unclaimed." Summary proceedings were thereafter taken. There was no personal service of the summons on the plaintiff, the officer returning that he "was unable to find the within named defendant in Wayne county after diligent search and inquiry." An affidavit of publication was then filed and an order of publication made and duly published. Plaintiff did not appear at the hearing, and an order was entered in the one case on July 27, 1928, finding the amount due to be $1,053.84, and granting a writ of restitution as provided in the statute, and in the other on September 5, 1928, with amount due $1,070.85, and also with writ of restitution.

In 1927 plaintiff sold his interest in these contracts to the "Menzies Real Homes Company," and expected this company to meet the payments and pay the taxes in default. No notice was given to defendants or the trust company of this transfer, but, as plaintiff says, "they went broke" and made no payments. Plaintiff first learned of the fore-

closure proceeding in September, 1928. He testified that he then called at the office of the trust company for the purpose of paying the balances due, and was informed that he "was out" and that it could not accept payments from him.

On July 24, 1929, he began an action to recover the moneys paid by him on the contracts. On January 16, 1932, on his motion, the cause was transferred to the chancery side of the court and the bill of complaint herein was filed, in which he prayed that the judgments rendered by the circuit court commissioner be declared null and void, and that he be awarded "the amount of any and all damages which he has suffered by reason of the unlawful and fraudulent acts of the said defendants, their agents, attorneys and employees."

The record discloses that on June 22, 1929, the defendants deeded the lots in question to Stan H. Swanson.

The trial court, after hearing the proofs, found that the defendants or their agent, the trust company, were not guilty of any fraud in the forfeiture of the contracts or the after-proceedings taken, and entered a decree dismissing the bill, from which the plaintiff has appealed.

Plaintiff's claim for relief is based upon the fact that on June 7, 1927, he had ordered an abstract of title to these lots from the Union Title & Guaranty Company, a department of the Union Trust Company, in which his address was stated to be 3273 Kendall, and that the company was thus chargeable with notice of his change of address. It also appears that this address and his telephone number appeared in the city and telephone directory for the year 1927.

It seems to be conceded that, if the preliminary and final notices of forfeiture had reached the plain-

tiff, his interest in the contracts would have been terminated thereby. *Waller* v. *Lieberman*, 214 Mich. 428. The parties to these contracts provided therein the manner in which the vendee should be notified in case of default and claim of forfeiture. When assignment was made to the plaintiff, he assumed all the conditions and obligations of the contracts and directed the place to which notice should be sent to him. He afterwards changed this to 2014 West Euclid.

The provision for notice as it appears in the contracts inured to the benefit of both the vendors and the vendee. In a city like Detroit, a vendor might have much difficulty in ascertaining the street address of his vendee, and a vendee is protected by the knowledge that his rights may not be terminated without receipt by him of such notice. It is a reasonable provision and should be construed as it reads. Plaintiff's application to the abstract division of the trust company may not be considered notice of the change of address provided for therein. The plaintiff had agreed to notify it of any such change, and, when the notices mailed to him were not delivered, it had a right to assume that he had moved away and abandoned his rights under the contracts.

The record discloses no sufficient grounds for vacating the proceedings taken before the commissioner under which the defendants acquired possession.

The decree dismissing the bill of complaint is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.